1 | WILLARD K. TOM
General Counsel
2 | CHRISTOPHER T. KOEGEL
SEENA D. GRESSIN, CA Bar No. 163368 (inactive)
3 | REBECCA M. UNRUH
ckoegel@ftc.gov; sgressin@ftc.gov; runruh@ftc.gov
4 | Federal Trade Commission
600 Pennsylvania Avenue, N.W., NJ-3158
5 | Washington, DC 20580
P: (202) 326-3224; F: (202) 326-3768
6

7 | RAYMOND E. McKOWN, CA Bar No. 150975
rmckown@ftc.gov
8 | Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
9 | Los Angeles, CA 90024
P: (310) 824-4343; F: (310) 824-4380
10

11 | Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

12 | UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

14

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | |
| FORENSIC CASE MANAGEMENT SERVICES, INC. d/b/a Commercial Investigations, Inc., FCMS, Inc., Commercial Recovery Solutions, Inc., and Rumson, Bolling & Associates, a California corporation; SPECIALIZED RECOVERY, INC. d/b/a Joseph, Steven & Associates and Specialized Debt Recovery, a California corporation; COMMERCIAL RECEIVABLES ACQUISITION, INC. d/b/a Commercial Recovery Authority, Inc. and The Forwarding Company, a California corporation; DAVID M. HYNES II a/k/a David M. Hynes, Jr.; JAMES HYNES; KEVIN MEDLEY; HEATHER TRUE; FRANK E. LINDSTROM, JR.; and LORENA QUIROZ-HYNES a/k/a Lorena Quiroz and Lorena Hynes, | **LACV11-7484** RGK(SSx)<br><br>Case No.:<br><br>[PROPOSED]<br>**PRELIMINARY INJUNCTION AND ORDER CONTINUING ASSET FREEZE AND OTHER PROVISIONS OF THE TRO, AND APPOINTING A PERMANENT RECEIVER** |
| Defendants. | |

1       Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Section 13(b)

2 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section

3 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a),

4 has filed a Complaint for a permanent injunction and other equitable relief,

5 including restitution to consumers, and applied for a temporary restraining order

6 pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

### FINDINGS OF FACT

8       This Court, having considered the FTC's pleadings, declarations, exhibits,

9 and memoranda, and the evidence presented by all parties, finds that:

10 1.     This Court has jurisdiction over the subject matter of this case, there is good

11       cause to believe it will have jurisdiction over all the parties hereto, and

12       venue in this district is proper;

*Having considered evidence contained in Vols. I and II of Plaintiff's attached evidence,*

13 2.     There is good cause to believe that Defendants Forensic Case Management

14       Services, Inc. (d/b/a Commercial Investigations, Inc., FCMS, Inc.,

15       Commercial Recovery Solutions, Inc., and Rumson, Bolling & Associates),

16       a California corporation; Specialized Recovery, Inc. (d/b/a Joseph, Steven &

17       Associates and Specialized Debt Recovery), a California corporation; and

18       Commercial Receivables Acquisition, Inc. (d/b/a Commercial Recovery

19       Authority, Inc. and The Forwarding Company), a California corporation;

20       David M. Hynes II; James Hynes; Kevin Medley; Heather True; Frank E.

21       Lindstrom, Jr., and Lorena Quiroz-Hynes have engaged and are likely to

22       continue to engage in acts or practices that violate Section 5(a) of the FTC

23       Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692-1692p, and that

24       the FTC is therefore likely to prevail on the merits of this action;

25 3.     There is good cause to believe that immediate and irreparable harm will

26       result from Defendants' ongoing violations of Section 5(a) of the FTC Act

27       and the FDCPA unless Defendants are restrained and enjoined by Order of

28       this Court;

*Based on evidence contained in PX 30 PRG 6-11, & A-P and T, and PX 33,*

4.  There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement of ill-gotten gains will occur from the transfer, dissipation, or concealment by Defendants of their assets or business records unless Defendants are restrained and enjoined by Order of this Court;

5.  Good cause exists for appointing a permanent receiver over Defendants Forensic Case Management Services, Inc. (d/b/a Commercial Investigations, Inc., FCMS, Inc., Commercial Recovery Solutions, Inc. and Rumson, Bolling & Associates); Specialized Recovery, Inc. (d/b/a Joseph, Steven & Associates and Specialized Debt Recovery); and Commercial Receivables Acquisition, Inc. (d/b/a Commercial Recovery Authority, Inc. and The Forwarding Company), continuing the asset freeze imposed pursuant to the temporary restraining order ("TRO") issued in this case and permitting the FTC access to Defendants' business premises at the discretion of the Receiver.

6.  Weighing the equities and considering the FTC's likelihood of ultimate success, this order is in the public interest; and

7.  No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65.

## ORDER

### Definitions

For the purposes of this Order, the following definitions shall apply:

A.  "Assets" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Defendants, or held for the benefit of any Defendants, wherever located, whether in the United States or abroad, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other

1    deliveries, shares of stock, inventory, checks, notes, accounts, credits,

2    receivables (as those terms are defined in the Uniform Commercial Code),

3    cash, and trusts, including but not limited to any trust held for the benefit of

4    any Defendant, any of the Individual Defendants' minor children, or any of

5    the Individual Defendants' spouses, and shall include both existing assets

6    and assets acquired after the date of entry of this Order.

7  B.   "Corporate Defendants" means Forensic Case Management Services, Inc.

8    (also d/b/a Commercial Investigations, Inc., FCMS, Inc., Commercial

9    Recovery Solutions, Inc., and Rumson, Bolling & Associates), a California

10    corporation; Specialized Recovery, Inc. (also d/b/a Joseph, Steven &

11    Associates and Specialized Debt Recovery), a California corporation; and

12    Commercial Receivables Acquisition, Inc. (also d/b/a Commercial Recovery

13    Authority, Inc. and The Forwarding Company), a California corporation;

14    and their successors, assigns, affiliates, or subsidiaries, and each of them by

15    whatever names each might be known.

16  C.   "Defendants" means all of the Individual Defendants and the Corporate

17    Defendants, individually, collectively, or in any combination, and each of

18    them by whatever names each might be known.

19  D.   "Debt" means any obligation or alleged obligation to pay money arising out

20    of a transaction, whether or not such obligation has been reduced to

21    judgment.

22  E.   "Document" or "Electronically Stored Information" is synonymous in

23    meaning and equal in scope to the usage of the terms in Rule 34(a) of the

24    Federal Rules of Civil Procedure and includes:

25    1.   The original or a true copy of any written, typed, printed,

26        electronically stored, transcribed, taped, recorded, filmed, punched, or

27        graphic matter or other data compilations of any kind, including, but

28        not limited to, letters, email or other correspondence, messages,

1        memoranda, interoffice communications, notes, reports, summaries,

2        manuals, magnetic tapes or discs, tabulations, books, records, checks,

3        invoices, work papers, journals, ledgers, statements, returns, reports,

4        schedules, or files; and

5    2.    Any electronically stored information stored on any Blackberrys, flash

6        drives, personal digital assistants ("PDAs"), desktop personal

7        computer and workstations, laptops, notebooks, and other portable

8        computers, or other electronic storage media, whether assigned to

9        individuals or in pools of computers available for shared use; and

10       home computers used for work-related purposes; backup disks and

11       tapes, archive disks and tapes, and other forms of offline storage,

12       whether stored onsite with the computer used to generate them, stored

13       offsite in another company facility, or stored, hosted, or otherwise

14       maintained offsite by a third-party; and computers and related offline

15       storage used by Defendants or Defendants' participating associates,

16       which may include persons who are not employees of the company or

17       who do not work on company premises.

18  F.    "Electronic Data Host" means any person or entity that stores, hosts, or

19      otherwise maintains electronically stored information.

20  G.   "Financial institution" means any bank, savings and loan institution, credit

21      union, or any financial depository of any kind, including, but not limited to,

22      any brokerage house, trustee, broker-dealer, escrow agent, title company,

23      commodity trading company, or precious metal dealer.

24  H.   "Individual Defendants" means David M. Hynes II a/k/a David Hynes, Jr.,

25      James Hynes, Kevin Medley, Heather True, Frank E. Lindstrom, Jr., and

26      Lorena Quiroz-Hynes a/k/a Lorena Quiroz and Lorena Hynes, and each of

27      them by whatever names each might be known.

28  I.    "Material fact" means any fact that is likely to affect a person's choice of, or

1       conduct regarding, goods or services.

2 J.    "Person" means any individual, group, unincorporated association, limited

3       or general partnership, corporation, or other business entity.

4 K.    "Receiver" means the permanent receiver appointed by the Court herein and

5       any deputy receivers as may be named by the permanent receiver.

6 L.    "Receivership Defendants" means Forensic Case Management Services, Inc.

7       (also d/b/a Commercial Investigations, Inc., FCMS, Inc., Commercial

8       Recovery Solutions, Inc., and Rumson, Bolling & Associates), a California

9       corporation; Specialized Recovery, Inc. (also d/b/a Joseph, Steven &

10      Associates and Specialized Debt Recovery), a California corporation; and

11      Commercial Receivables Acquisition, Inc. (also d/b/a Commercial Recovery

12      Authority, Inc. and The Forwarding Company), a California corporation;

13      and their successors, assigns, affiliates, or subsidiaries, and each of them by

14      whatever names each might be known that conduct any business related to

15      Defendants' debt collection business and which the Receiver has reason to

16      believe are owned or controlled in whole or in part by any of the Defendants.

17 M.   The words "and" and "or" shall be understood to have both conjunctive and

18      disjunctive meanings as necessary to make the applicable phrase or sentence

19      inclusive rather than exclusive.

## I.

### PROHIBITION AGAINST USE OF DECEPTION AND MISREPRESENTATION IN DEALING WITH CLIENTS AND POTENTIAL CLIENTS

**IT IS THEREFORE ORDERED** that in connection with offering their services to creditors and other clients, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, each are hereby restrained and enjoined from, directly or indirectly:

A.  Violating Section 5 of the FTC Act, 15 U.S.C. § 45, by engaging in unfair or deceptive acts or practices, including but not limited to:

    1.  Misrepresenting, directly or by implication, that if Defendants collect money from the alleged debtor, Defendants will forward the collected amount, minus a contingency fee for debt collection services, to the creditor on whose behalf Defendants propose to conduct debt collection services;

    2.  Misrepresenting, directly or by implication, that Defendants have identified or located at least some of the alleged debtor's assets, which can be used toward the satisfaction of the alleged debt;

    3.  Misrepresenting, directly or by implication, that Defendants will undertake certain legal actions, such as the filing of a collection lawsuit, the garnishment of wages, or seizure of assets; or

    4.  Misrepresenting, directly or by implication, that collection of at least some of the money owed on the alleged debt is guaranteed if the creditor on whose behalf Defendants propose to conduct debt collection services pays Defendants a fee to initiate the specified legal action(s).

## II.

### PROHIBITION AGAINST USE OF DECEPTION, MISREPRESENTATION, ABUSE, AND HARASSMENT IN DEBT COLLECTION

**IT IS THEREFORE ORDERED** that in connection with the collection or attempted collection of any debt, Defendants and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile, email, or otherwise, each are hereby restrained and enjoined from, directly or indirectly:

A.  Violating the FDCPA, 15 U.S.C. § 1692-1692p, including but not limited to:

1.  Violating Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b), by
    communicating with third parties for purposes other than acquiring
    location information about a consumer, without having obtained
    directly the prior consent of the consumer or the express permission of
    a court of competent jurisdiction, and when not reasonably necessary
    to effectuate a postjudgment judicial remedy;

2.  Violating Section 806 of the FDCPA, 15 U.S.C. § 1692d, by engaging
    in conduct the natural consequence of which is to harass, oppress, or
    abuse a person, including, but not limited to:  (a) using or threatening
    to use violence or other criminal means to harm the physical person,
    reputation, or property of any person, in violation of Section 806(1) of
    the FDCPA, 15 U.S.C. § 1692d(1); (b) using obscene or profane
    language or language the natural consequence of which is to abuse the
    hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C.
    § 1692d(2); and (c) causing a telephone to ring or engaging a person
    in telephone conversation repeatedly or continuously with the intent to
    annoy, abuse, or harass a person at the number called, in violation of
    Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5); or

3.  Violating Section 807 of the FDCPA, 15 U.S.C. § 1692e, by using
    false, deceptive, or misleading representations or means, including,
    but not limited to:  (a) falsely representing or implying that
    nonpayment of a debt will result in the arrest or imprisonment of a
    person or seizure, garnishment, or attachment of a person's property
    or wages, when such action is not lawful or when Defendants have no
    intention of taking such action, in violation of Section 807(4) of the
    FDCPA, 15 U.S.C. § 1692e(4); (b) threatening to take action that is
    not lawful or that Defendants do not intend to take, such as filing a
    lawsuit, in violation of Section 807(5) of the FDCPA, 15 U.S.C.

8

§ 1692(5); (c) falsely representing or implying to consumers that they will be responsible for paying Defendants' or the creditor's legal fees and costs associated with litigation if Defendants cause a lawsuit to be filed to collect the debt, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10); and (d) falsely representing that any payments will be applied in whole or partial satisfaction of the debt, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10).

B.  Making, or assisting others in making, any false, deceptive, or misleading representation of material fact, either expressly or by implication, orally or in writing, including, but not limited to: (a) using any false, deceptive, or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning a consumer; or (b) making any false, deceptive, or misleading representation that:

1.  Nonpayment of a debt will result in a consumer's arrest or imprisonment or lead to seizure, garnishment, or attachment of a consumer's property or wages, if such action is not lawful or if Defendants have no intention of taking such action;

2.  Defendants will take any action that is not lawful or that they do not intend to take, such as filing a lawsuit, if the consumer does not pay the alleged debt to Defendants;

3.  Consumers will be liable for Defendants' legal costs if the consumer does not pay the alleged debt to Defendants; or

4.  That any payments made by the consumer toward an alleged debt will be applied by Defendants in whole or partial satisfaction of the alleged debt;

C.  Communicating with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent

9

1  jurisdiction, and when not reasonably necessary to effectuate a postjudgment
2  judicial remedy; and

3  D. Engaging in conduct the natural consequence of which is to harass, oppress,
4  or abuse a person, including, but not limited to:

5      1. using or threatening to use violence or other criminal means to harm
6        the physical person, reputation, or property of any person;

7      2. using obscene or profane language or language the natural
8        consequence of which is to abuse the hearer; or

9      3. causing a telephone to ring or engaging a person in telephone
10       conversation repeatedly or continuously with the intent to annoy,
11       abuse, or harass a person at the number called.

## III.

## ASSET FREEZE

14  **IT IS FURTHER ORDERED** that Defendants, and their officers, agents,
15  servants, employees, and attorneys, and all persons or entities directly or indirectly
16  under the control of any of them, including any financial institution, and all other
17  persons or entities in active concert or participation with any of them who receive
18  actual notice of this Order by personal service, facsimile, email, or otherwise, each
19  are hereby restrained and enjoined from directly or indirectly:

20  A. Selling, liquidating, assigning, transferring, converting, loaning,
21      hypothecating, disbursing, gifting, conveying, encumbering, pledging,
22      concealing, dissipating, spending, withdrawing, or otherwise disposing of
23      any funds, real or personal property, or other assets or any interest therein,
24      wherever located, including any assets outside the territorial United States,
25      that are:

26      1. in the actual or constructive possession of any Defendant;
27      2. owned or controlled by, or held, in whole or in part for the benefit of,
28        or subject to access by, or belonging to, any Defendant; or

3.     in the actual or constructive possession of, or owned or controlled by, or subject to access by, or belong to, any corporation, partnership, trust or other entity directly or indirectly owned, managed or under the control of any Defendant;

B.  Opening, or causing to be opened, any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

C.  Incurring charges on any credit card, stored value card, debit card or charge card issued in the name, singly or jointly, of any Defendant or any other entity directly or indirectly owned, managed or controlled by any Defendant;

D.  Obtaining a personal or secured loan;

E.  Cashing any checks from consumers, clients, or customers of any Defendant; or

F.  Transferring any funds or other assets subject to this Order for attorneys' fees or living expenses, except from accounts or other assets identified by prior written notice to the FTC; *provided that* no attorneys' fees or living expenses, other than those set forth in Subparagraph G of this Paragraph III, and only in accordance with the procedures set forth in Subparagraph G of this Paragraph III, shall be paid from funds or other assets subject to this Order until the financial statements required by Paragraph V are provided to counsel for the FTC.

G.  Notwithstanding the above, following the submission of all of the financial statements required by Paragraph V and, to the extent not already done so pursuant to the TRO issued in this case, any Defendant may make a one-time-only payment of up to $1,000 from his personal funds for necessary living expenses and/or attorneys' fees.  No such expense, however, shall be paid from funds subject to this Order except from cash on the person of any Defendant, or from an account designated by prior written notice to counsel for the FTC.

H.  Defendants' Request for Release of funds for attorneys' fees and living expenses are denied at this time for failure to show reasonableness and sufficient proof.

**IT IS FURTHER ORDERED** that the funds, property, and assets affected by this Paragraph shall include: (a) all assets of each Defendant as of the time this Order is entered, and (b) those assets obtained after entry of this Order that are obtained from any debt collection activities that predate the entry of this Order. Defendants shall hold, preserve, and retain all assets, including, but not limited to, payments, loans, and gifts, received after service of this Order that are not obtained from any debt collection activities that predate the entry of this Order.

**IV.**

**RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES**

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of any Defendant or other party subject to Paragraph III above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset at any time since January 1, 2008, shall:

A.   Hold, preserve, and retain within such entity's or person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, document, electronically stored information, or asset held by or under such entity's or person's control, except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets held in the name of or benefit of any Receiver Defendant;

B.   To the extent not already done so pursuant to the TRO issued in this case, provide the Receiver, the Receiver's agents, the FTC, and the FTC's agents immediate access to electronically stored information stored, hosted, or

12

1       otherwise maintained on behalf of Defendants for forensic imaging;

2  C.    Deny access to any safe deposit boxes that are either titled in the name,

3       individually or jointly, or subject to access by, any Defendant or other party

4       subject to Paragraph III above; and

5  D.    To the extent not already done so pursuant to the TRO issued in this case,

6       provide to counsel for the FTC and the Receiver, within one (1) business

7       day, a sworn statement setting forth:

8      1.    the identification of each account or asset titled in the name,

9          individually or jointly, or held on behalf of or for the benefit of,

10         subject to withdrawal by, subject to access or use by, or under the

11         signatory power of any Defendant or other party subject to Paragraph

12         III above, whether in whole or in part;

13      2.    the balance of each such account, or a description of the nature and

14         value of such asset, as of the close of business on the day on which

15         this Order is served;

16      3.    the identification of any safe deposit box that is either titled in the

17         name of, individually or jointly, or is otherwise subject to access or

18         control by, any Defendant or other party subject to Paragraph III

19         above, whether in whole or in part; and

20      4.    if the account, safe deposit box, or other asset has been closed or

21         removed, the date closed or removed, the balance on said date, and the

22         name or the person or entity to whom such account or other asset was

23         remitted;

24  E.    To the extent not already done so pursuant to the TRO issued in this case,

25       provide counsel for the FTC and the Receiver, within three (3) business days

26       after being served with a request, copies of all documents pertaining to such

27       account or asset, including but not limited to originals or copies of account

28       applications, account statements, signature cards, checks, drafts, deposit

13

1   tickets, transfers to and from the accounts, all other debit and credit

2   instruments or slips, currency transaction reports, 1099 forms, and safe

3   deposit box logs; provided that such institution or custodian may charge a

4   reasonable fee; and

5   F.   Cooperate with all reasonable requests of the Receiver relating to this

6   Order's implementation.

7   **IT IS FURTHER ORDERED** that the accounts subject to this provision

8   include existing assets and assets deposited after the effective date of this Order.

9   This Paragraph shall not prohibit transfers in accordance with any provision of this

10   Order, or any further order of the Court.

11   **IT IS FURTHER ORDERED** the FTC is granted leave, pursuant to Fed. R.

12   Civ. P. 45, to subpoena documents immediately from any such financial institution,

13   account custodian, or other entity concerning the nature, location, status, and extent

14   of Defendants' accounts, documents, and assets, and compliance with this Order,

15   and such financial institution, account custodian, or other entity shall respond to

16   such subpoena within three (3) business days after service.

17   **V.**

18   **FINANCIAL STATEMENTS AND ACCOUNTING**

19   **IT IS FURTHER ORDERED** that, to the extent it has not already done so

20   pursuant to the TRO issued in this case, each Defendant, within three business days

21   of service of this Order, shall prepare and deliver to counsel for the FTC:

22   A.   For Individual Defendants, a completed financial statement accurate as of

23   the date of service of this Order upon such Defendant (unless otherwise

24   agreed upon with FTC counsel) on the form lodged as Attachment A to the

25   FTC's TRO Application.

26   B.   For Corporate Defendants, a completed financial statement accurate as of the

27   date of service of this Order upon such Defendant (unless otherwise agreed

28   upon with FTC counsel) on the form lodged as Attachment B to the FTC's

14

1    TRO Application.

2    C.    For each Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2008. Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

## VI.

## CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning any Defendant.

## VII.

## REPATRIATION OF FOREIGN ASSETS

**IT IS FURTHER ORDERED** that, to the extent not already done so pursuant to the TRO issued in this case, within five (5) business days following the service of this Order, each Defendant shall:

A.    Provide counsel for the FTC and the Receiver with a full accounting of all assets, accounts, funds, and documents outside of the territory of the United States that are held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control, individually or jointly;

B.    Transfer to the territory of the United States all assets, accounts, funds, and documents in foreign countries held either: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or

1  indirect control, individually or jointly;

2  C.  Hold and retain all repatriated assets, accounts, funds, and documents, and

3  prevent any transfer, disposition, or dissipation whatsoever of any such

4  assets, accounts, funds, or documents except as allowed by Paragraph III of

5  this Order; and

6  D.  Provide the FTC access to all records of accounts or assets of the Corporate

7  Defendants and Individual Defendants held by financial institutions located

8  outside the territorial United States by signing the Consent to Release of

9  Financial Records lodged with the FTC's TRO Application as Attachment

10  C.

11  **VIII.**

12  **NONINTERFERENCE WITH REPATRIATION**

13  **IT IS FURTHER ORDERED** that Defendants are hereby restrained and

14  enjoined from taking any action, directly or indirectly, that may result in the

15  encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation

16  required by the preceding Paragraph VII of this Order, including, but not limited

17  to:

18  A.  Sending any statement, letter, fax, email or wire transmission, or telephoning

19  or engaging in any other act, directly or indirectly, that results in a

20  determination by a foreign trustee or other entity that a "duress" event has

21  occurred under the terms of a foreign trust agreement until such time that all

22  assets have been fully repatriated pursuant to Paragraph VII of this Order; or

23  B.  Notifying any trustee, protector, or other agent of any foreign trust or other

24  related entities of either the existence of this Order, or of the fact that

25  repatriation is required pursuant to a court order, until such time that all

26  assets have been fully repatriated pursuant to Paragraph VII of this Order.

27

28

16

## IX.

## APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that *Thomas W. McNamara* is appointed Receiver for the business activities of Receivership Defendants with the full power of an equity receiver. The Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. The Receiver shall comply with any laws and Local Rules of this Court governing receivers, including but not limited to Local Rules 66-1 through 66-5.1 and Local Rule 66-8.

## X.

## DUTIES OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.  Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any named Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.  Take exclusive custody, control, and possession of all assets, documents, and electronically stored information of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants. *Provided, however*, that the Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the

17

1    complaint in this matter;

2 C.  Take all steps necessary to secure the business premises of the Receivership

3    Defendants. Such steps may include, but are not limited to, the following, as

4    the Receiver deems necessary or advisable:

5    1.   serving and filing this Order;

6    2.   completing a written inventory of all Receivership assets;

7    3.   obtaining pertinent information from all employees and other agents

8        of the Receivership Defendants, including, but not limited to, the

9        name, home address, social security number, job description, method

10       of compensation, all accrued and unpaid commissions and

11       compensation of each such employee or agent, and all computer

12       hardware and software passwords;

13   4.   video taping all portions of the location;

14   5.   securing the location by changing the locks and disconnecting any

15       computer modems or other means of access to the computer or other

16       records maintained at that location;

17   6.   requiring any persons present on the premises at the time this Order is

18       served to leave the premises, to provide the Receiver with proof of

19       identification, or to demonstrate to the satisfaction of the Receiver that

20       such persons are not removing from the premises documents or assets

21       of the Receivership Defendants; and

22   7.   requiring all employees, consultants, and independent contractors of

23       Receivership Defendants to compete a Questionnaire submitted by the

24       Receiver;

25 D.  Conserve, hold, and manage all Receivership assets, and perform all acts

26    necessary or advisable to preserve the value of those assets, in order to

27    prevent any irreparable loss, damage, or injury to consumers or to creditors

28    of the Receivership Defendants, including, but not limited to, obtaining an

18

1      accounting of the assets and preventing transfer, withdrawal, or

2      misapplication of assets;

3   E.    Liquidate any and all securities or commodities owned by or for the benefit

4      of the Receivership Defendants that the Receiver deems to be advisable or

5      necessary;

6   F.    Enter into contracts and purchase insurance as the Receiver deems to be

7      advisable or necessary;

8   G.   Prevent the inequitable distribution of assets and determine, adjust, and

9      protect the interests of consumers and creditors who have transacted

10     business with the Receivership Defendants;

11   H.   Manage and administer the business of the Receivership Defendants until

12     further order of this Court by performing all incidental acts that the Receiver

13     deems to be advisable or necessary, which includes retaining, hiring, or

14     dismissing any employees, independent contractors, or agents;

15   I.     Choose, engage, and employ attorneys, accountants, appraisers, and other

16     independent contractors and technical specialists, as the Receiver deems

17     advisable or necessary in the performance of duties and responsibilities

18     under the authority granted by this Order;

19   J.    Make payments and disbursements from the Receivership estate that are

20     necessary or advisable for carrying out the directions of, or exercising the

21     authority granted by, this Order. The Receiver shall apply to the Court for

22     prior approval of any payment of any debt or obligation incurred by the

23     Receivership Defendants prior to the date of entry of this Order, except

24     payments that the Receiver deems necessary or advisable to secure assets of

25     the Receivership Defendants, such as rental payments;

26   K.   Determine and implement the manner in which the Receivership Defendants

27     will comply with, and prevent violations of, this Order and all other

28     applicable laws, including, but not limited to, revising sales materials and

1       implementing monitoring procedures;

2 L.    Institute, compromise, adjust, appear in, intervene in, or become party to

3       such actions or proceedings in state, federal, or foreign courts that the

4       Receiver deems necessary and advisable to preserve or recover the assets of

5       the Receivership Defendants, or that the Receiver deems necessary and

6       advisable to carry out the Receiver's mandate under this Order;

7 M.   Defend, compromise, adjust, or otherwise dispose of any or all actions or

8       proceedings instituted in the past or in the future against the Receiver in his

9       role as Receiver, or against the Receivership Defendants, that the Receiver

10      deems necessary and advisable to preserve the assets of the Receivership

11      Defendants or that the Receiver deems necessary and advisable to carry out

12      the Receiver's mandate under this Order;

13 N.   Continue and conduct the business of the Receivership Defendants in such

14      manner, to such extent, and for such duration as the Receiver may in good

15      faith deem to be necessary or appropriate to operate the business profitably

16      and lawfully, if at all; *provided, however*, that the continuation and conduct

17      of the business shall be conditioned upon the Receiver's good faith

18      determination that the businesses can be lawfully operated at a profit using

19      the assets of the receivership estate;

20 O.   Take depositions and issue subpoenas to obtain documents and records

21      pertaining to the receivership estate and compliance with this Order.

22      Subpoenas may be served by agents or attorneys of the Receiver and by

23      agents of any process server retained by the Receiver;

24 P.    Open one or more bank accounts in the Central or Southern Districts of

25      California as designated depositories for funds of the Receivership

26      Defendants.  The Receiver shall deposit all funds of the Receivership

27      Defendants in such a designated account and shall make all payments and

28      disbursements from the receivership estate from such account(s);

Q.   Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

R.   Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

**IT IS FURTHER ORDERED** that the Receiver will be responsible for maintaining the chain of custody of all of Defendants' records in his possession, pursuant to procedures to be established in writing with the approval of the FTC.

## XI.

## COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that:

A.   To the extent not already done so pursuant to the TRO issued in this case, Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. Defendants' cooperation and assistance shall include, but not be limited to:

   1.   Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order, including but not limited to allowing the Receiver to inspect documents and assets and to partition office space;

   2.   Providing any password and executing any documents required to access any computer or electronic files in any medium, including but not limited to electronically stored information stored, hosted or otherwise maintained by an electronic data host; and

21

3.     Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

B.     Defendants and their officers, directors, agents, servants, employees, attorneys, successors, assigns, and all other persons or entities directly or indirectly, in whole or in part, under their control, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

1.     Transacting any of the business of the Receivership Defendants;

2.     Destroying, secreting, erasing, mutilating, defacing, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, electronically stored information, or equipment of the Receivership Defendants, including but not limited to contracts, agreements, consumer files, consumer lists, consumer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, sales presentations, documents evidencing or referring to Defendants' services, debt collection training materials, debt collection scripts, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal receipts, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, photographs, mobile devices, electronic storage media, accessories, and any other documents, records or equipment of any kind that relate to the business practices or business or personal finances of the Receiver Defendants or any other entity directly or

22

1  indirectly under the control of the Receiver Defendants;

2  3.  Transferring, receiving, altering, selling, encumbering, pledging,

3  assigning, liquidating, or otherwise disposing of any assets owned,

4  controlled, or in the possession or custody of, or in which an interest

5  is held or claimed by, the Receivership Defendants, or the Receiver;

6  4.  Excusing debts owed to the Receivership Defendants;

7  5.  Failing to notify the Receiver of any asset, including accounts, of a

8  Receivership Defendant held in any name other than the name of the

9  Receivership Defendant, or by any person or entity other than the

10  Receivership Defendant, or failing to provide any assistance or

11  information requested by the Receiver in connection with obtaining

12  possession, custody, or control of such assets;

13  6.  Failing to create and maintain books, records, and accounts which, in

14  reasonable detail, accurately, fairly, and completely reflect the

15  incomes, assets, disbursements, transactions and use of monies by the

16  Defendants or any other entity directly or indirectly under the control

17  of the Defendants;

18  7.  Doing any act or refraining from any act whatsoever to interfere with

19  the Receiver's taking custody, control, possession, or managing of the

20  assets or documents subject to this Receivership; or to harass or to

21  interfere with the Receiver in any way; or to interfere in any manner

22  with the exclusive jurisdiction of this Court over the assets or

23  documents of the Receivership Defendants; or to refuse to cooperate

24  with the Receiver or the Receiver's duly authorized agents in the

25  exercise of their duties or authority under any Order of this Court;

26  8.  Filing, or causing to be filed, any petition on behalf of the

27  Receivership Defendants for relief under the United States

28  Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission

23

1              from this Court; and

2       9.      Creating, operating, exercising any control over, becoming employed

3                by or affiliated with, or performing any work for any business entity,

4                including but not limited to any partnership, limited partnership, joint

5                venture, sole proprietorship, or corporation without first providing the

6                FTC with a sworn written statement at least seven (7) calendar days

7                prior to such creation, operation, exercise, employment, affiliation, or

8                performance of work disclosing:

9            a.      The name, address and telephone number of the business entity;

10          b.      The names of the business entity's officers, directors,

11                principals, managers, and employees; and

12          c.      A detailed description of the business entity's intended

13                activities and the nature of the duties or responsibilities of the

14                Receivership Defendant.

15                                  **XII.**

16            **DELIVERY OF RECEIVERSHIP PROPERTY**

17         **IT IS FURTHER ORDERED** that, to the extent not already done so

18 pursuant to the TRO issued in this case, immediately upon service of this Order

19 upon them or upon their otherwise obtaining actual knowledge of this Order, or

20 within a period permitted by the Receiver, Defendants or any other person or

21 entity, including but not limited to financial institutions and electronic data hosts,

22 shall transfer or deliver access to, possession, custody, and control of the following

23 to the Receiver:

24 A.     All assets of the Receivership Defendants;

25 B.     All documents and electronically stored information of the Receivership

26         Defendants, including, but not limited to, books and records of accounts, all

27         financial and accounting records, balance sheets, income statements, bank

28         records (including monthly statements, canceled checks, records of wire

1  transfers, records of ACH transactions, and check registers), client or
2  customer lists, title documents and other papers;

3  C.  All assets belonging to members of the public now held by the Receivership
4  Defendants;

5  D.  All keys, computer and other passwords, entry codes, combinations to locks
6  required to open or gain or secure access to any assets or documents of the
7  Receivership Defendants, wherever located, including, but not limited to,
8  access to their business premises, means of communication, accounts,
9  computer systems, or other property; and

10  E.  Information identifying the accounts, employees, properties, or other assets
11  or obligations of the Receivership Defendants.

12  **IT IS FURTHER ORDERED** that, in the event any person or entity fails to
13  deliver or transfer immediately any asset or otherwise fails to comply with any
14  provision of this Paragraph XIII, the Receiver may file *ex parte* with the Court an
15  Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit,
16  the Court may authorize, without additional process or demand, Writs of
17  Possession or Sequestration or other equitable writs requested by the Receiver.
18  The writs shall authorize and direct the United States Marshal or any sheriff or
19  deputy sheriff of any county (pursuant to Fed. R. Civ. P. 4(c)(1)) to seize the asset,
20  document, or other thing and to deliver it to the Receiver.

21  ## XIII.

22  ## COMPENSATION FOR RECEIVER

23  **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by
24  the Receiver as herein authorized, including counsel to the Receiver and
25  accountants, are entitled to reasonable compensation for the performance of duties
26  pursuant to this Order, and for the cost of actual out-of-pocket expenses incurred by
27  them, from the assets now held by or in the possession or control of, or which may *or, as otherwise ordered by the Court*
28  be received by, the Receivership Defendants.  The Receiver shall file with the Court

25

1 and serve on the parties periodic requests for the payment of such reasonable
2 compensation, with the first such request filed no more than sixty (60) days after the
3 date of this Order. The Receiver shall not increase the hourly rates used as the
4 bases for such fee applications without prior approval of the Court.

5                                   **XIV.**

6                          **RECEIVER'S REPORTS**

7        **IT IS FURTHER ORDERED** that, no more than thirty (30) days after the
8 date of this Order, the Receiver shall report to this Court, regarding: (1) the steps
9 taken by the Receiver to implement the terms of this Order; (2) the value of all
10 liquidated and unliquidated assets of the Receivership Defendants; (3) the sum of
11 all liabilities of the Receivership Defendants; (4) the steps the Receiver intends to
12 take in the future to: (a) prevent any diminution in the value of assets of the
13 Receivership Defendants, (b) pursue receivership assets from third parties, and (c)
14 adjust the liabilities of the Receivership Defendants, if appropriate; and (5) any
15 other matters which the Receiver believes should be brought to the Court's
16 attention. *Provided, however*, if any of the required information would hinder the
17 Receiver's ability to pursue receivership assets, the portions of the Receiver's
18 report containing such information may be filed under seal and not served on the
19 parties.

20                                   **XV.**

21                          **RECEIVER'S BOND**

22        **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of
23 this Court a bond in the sum of $ 1,000,000 with sureties to be approved by the
24 Court, conditioned that the Receiver will well and truly perform the duties of the
25 office and abide by and perform all acts the Court directs.

26                                   **XVI.**

27              **REQUIREMENT TO REPORT INFORMATION
                 REGARDING DEFENDANTS' CLIENTS**

28        **IT IS FURTHER ORDERED** that, to the extent not already done so

                                     26

pursuant to the TRO issued in this case, within five (5) calendar days from the date of this Order, Defendants shall provide the FTC with the following information for each of its clients who has engaged any Defendant for any debt collection service, practice, or activity, including but not limited to engaging any Defendant to collect any past-due credit accounts on that client's behalf:

A. The client's name, address, telephone number(s), and e-mail address(es);

B. The total amount paid by the client to any Defendant for any debt collection service, practice, or activity, including the amount and date(s) of such payments;

C. The date and status of any request for a refund by the client, and the amount and date of any refund that any Defendant paid to its client;

D. The name, address, telephone number(s), and e-mail address(es) of every third party with whom any Defendant (or their employees, agents, representatives, independent contractors, or franchisees) have communicated in connection with providing any debt collection service, practice, or activity for such client; the date of each communication; and a summary of the nature of the communication;

E. The name, address, telephone number(s), and e-mail address(es) of each person, including but not limited to attorneys, who has provided any service to any Defendant in connection with Defendants' debt collection services, practices, or activities and the amount paid for such service;

F. The status, resolution, and results of any debt collection service, practice, or activity performed by Defendants (or their employees, agents, representatives, independent contractors, or franchisees) on behalf of such client, including but not limited to the date and amount of any debt collected and paid to such client;

G. The status, resolution, and result of any litigation filed against an alleged debtor on behalf of such client, including but not limited to the date the

27

1   action was filed, the date any alleged debtor was served or service of process
2   was attempted, a description of any failed attempt to serve process on any
3   alleged debtor, the jurisdiction and case number of the action, and the name
4   and contact information of the attorney representing any Defendant or any of
5   its clients in the action;

6  H.   Copies of correspondence, settlement agreements, and all documents filed
7        with any court in connection with any litigation identified in Subparagraph
8        XVI(G) above; and

9  I.   A copy of any contract or agreement, including all signed versions, between
10       the client and any Defendant (or their employees, agents, representatives,
11       independent contractors, or franchisees) for the provision of debt collection
12       services, practices or activities.

13                                      **XVII.**

14              **REQUIREMENT TO REPORT INFORMATION**
                **REGARDING ALLEGED DEBTORS**

15       **IT IS FURTHER ORDERED** that, to the extent not already done so
16  pursuant to the TRO issued in this case, within five (5) calendar days from the date
17  of this Order, Defendants shall provide the FTC with the following information for
18  each alleged debtor from whom any Defendant has attempted to collect, either
19  directly or indirectly, any debt or alleged debt as part of any debt collective service,
20  practice, or activity:

21  A.   The alleged debtor's name, address, telephone number(s), and e-mail
22       address(es);

23  B.   The date of each communication with any such alleged debtor and a
24       summary of the nature of such communication;

25  C.   The total amount, if any, collected by any Defendant (or their employees,
26       agents, representatives, independent contractors, or franchisees) from such
27       alleged debtor as part of any debt collection service, practice, or activity; the
28       amount and date(s) of each payment the alleged debtor made to any

1   Defendant; and the amount and date(s) on which any Defendant remitted a

2   payment, in whole or in part, to any Defendant's client(s);

3   D.   The name, address, telephone number(s), and e-mail address(es) of every

4   third party with whom any Defendant (or their employees, agents,

5   representatives, independent contractors, or franchisees) has communicated

6   in connection with any Defendant's attempt to collect any debt or alleged

7   debt; the date of each communication; and a summary of the nature of the

8   communication;

9   E.   The status, resolution, and result of any litigation filed against any alleged

10   debtor on behalf of any client of any Defendant, including but not limited to

11   the date the action was filed, the date such alleged debtor was served or

12   service of process was attempted, a description of any failed attempt to serve

13   process, the jurisdiction and case number of the action, and the name and

14   contact information of the attorney representing any Defendant or its

15   client(s) in the action; and

16   F.   Copies of correspondence, settlement agreements, and all documents filed

17   with any court in connection with any litigation identified in Subparagraph

18   XVII(E) above.

19                              **XVIII.**

20         **PROHIBITION ON RELEASE OF CONSUMER INFORMATION**

21         **IT IS FURTHER ORDERED** that, except as required by a law

22   enforcement agency, law, regulation or court order, Defendants, and their officers,

23   agents, servants, employees, and attorneys, and all other persons in active concert

24   or participation with any of them who receive actual notice of this Order by

25   personal service or otherwise, are restrained and enjoined from disclosing, using,

26   or benefitting from consumer information, including the name, address, telephone

27   number, email address, social security number, other identifying information, or

28   any data that enables access to a consumer's account (including a credit card, bank

account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with any debt collection service.

## XIX.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.  Except by leave of this Court, during pendency of the Receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.  Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.  Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.  Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4.  Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or

30

1          documents subject to this Receivership, or to harass or interfere with

2          the Receiver in any way, or to interfere in any manner with the

3          exclusive jurisdiction of this Court over the assets or documents of the

4          Receivership Defendants;

5   B.    This Paragraph XIX does not stay:

6         1.    The commencement or continuation of a criminal action or

7             proceeding;

8         2.    The commencement or continuation of an action or proceeding by a

9             governmental unit to enforce such governmental unit's police or

10           regulatory power;

11        3.    The enforcement of a judgment, other than a money judgment,

12           obtained in an action or proceeding by a governmental unit to enforce

13           such governmental unit's police or regulatory power; or

14        4.    The issuance to a Receivership Defendant of a notice of tax

15           deficiency; and

16   C.    Except as otherwise provided in this Order, all persons and entities in need

17      of documentation from the Receiver shall in all instances first attempt to

18      secure such information by submitting a formal written request to the

19      Receiver, and, if such request has not been responded to within thirty (30)

20      days of receipt by the Receiver, any such person or entity may thereafter

21      seek an Order of this Court with regard to the relief requested.

22 **XX.**

23 **MONITORING**

24      **IT IS FURTHER ORDERED** that agents or representatives of the FTC

25 may contact Defendants directly or anonymously for the purpose of monitoring

26 compliance with this Order, and may tape record any oral communications that

27 occur in the course of such contacts.

28

## XXI.

### DEFENDANTS' DUTY TO DISTRIBUTE ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of Defendants and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the FTC with a sworn statement that: (a) confirms that Defendants have provided copies of the Order as required by this Paragraph and (b) lists the names and addresses of each entity or person to whom Defendants provided a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with Defendants to disregard this Order or believe that they are not bound by its provisions.

## XXII.

### CORRESPONDENCE WITH PLAINTIFF

For the purposes of this Order, all service on and correspondence to the FTC shall be addressed to: Christopher T. Koegel, Federal Trade Commission, 601 New Jersey Ave., N.W., Mail Drop NJ-3158, Washington, DC 20580, with a copy to Raymond E. McKown, Federal Trade Commission, 10877 Wilshire Blvd., Ste. 700, Los Angeles, CA 90024.

## XXIII.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any financial institution or

32

other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

## XXIV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this _27TH_ day of _SEPTEMBER_, 2011, at _3:40_ _p_.m., Pacific Standard Time.

Dated: _09·27·11_

_____
UNITED STATES DISTRICT JUDGE

33