WILLARD K. TOM
General Counsel
CHRISTOPHER T. KOEGEL
SEENA D. GRESSIN, CA Bar No. 163368 (inactive)
REBECCA M. UNRUH
ckoegel@ftc.gov; sgressin@ftc.gov; runruh@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W., NJ-3158
Washington, DC  20580
P: (202) 326-3224; F: (202) 326-3768

RAYMOND E. McKOWN
rmckown@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA  90024
P: (310) 824-4343; F: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **FORENSIC CASE MANAGEMENT SERVICES**, **INC.,** *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. LACV11-7484 (RGK) <br> ) <br> ) <br> ) |

**[~~Proposed~~] FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AS TO DEFENDANT FRANK E. LINDSTROM, JR.**

1

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on September 12, 2011, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FDCPA, 15 U.S.C. §§ 1692-1692p, in connection with the marketing and sale of debt collection services, and the collection of debts.  On September 13, 2011, the Court entered a temporary restraining order against Defendants.  On September 27, 2011, the Court entered a preliminary injunction against Defendants.

The FTC and defendant Frank E. Lindstrom, Jr. ("Settling Defendant") having agreed in the Stipulation for Final Judgment and Order for Permanent Injunction and Monetary Relief as to Defendant Frank E. Lindstrom, Jr., hereby request that the Court enter this Final Judgment and Order for Permanent Injunction and Monetary Relief as to Defendant Frank E. Lindstrom, Jr. ("Order") to resolve all matters in dispute in this action between Settling Defendant and the FTC.

**FINDINGS**

By stipulation of the parties and being advised of the premises, the Court finds:

2

1.   This is an action by the FTC instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the FDCPA, 15 U.S.C. § 1692*l*.  The Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' deceptive and abusive acts or practices as alleged therein.

2.   The FTC has the authority under Sections 13(b) and 19 of the FTC Act and Section 814 of the FDCPA to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against Settling Defendant.

3.   This Court has jurisdiction over the subject matter of this case and has jurisdiction over Settling Defendant.  Venue in the Central District of California is proper.

4.   The activities of Settling Defendant, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.   The FTC and Settling Defendant stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Order.  This settlement does not settle and resolve any matters not alleged in the Complaint.  Settling Defendant does not admit any of the allegations set forth in the Complaint, other than

jurisdictional facts or as provided in Section IV.D, merely by stipulating and agreeing to the entry of this Order.

6.    Settling Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Settling Defendant also waives any claim that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  Each settling party shall bear its own costs and attorneys' fees.

7.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.    Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.    "*Assisting others*" includes, but is not limited to:

    A.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

    B.    performing debt collection or debt collection marketing services of any kind;

4

C.    formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

D.    formulating or providing, or arranging for the formulation or provision of, any debt collection materials, including, but not limited to, any debt collection script, debt collection marketing material, debt collection training manual or other training materials, and debt collection compliance monitoring materials;

E.    formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

F.    providing names of, or assisting in the generation of, potential customers;

G.    performing marketing, billing, or payment services of any kind; and

H.    acting or serving as an owner, officer, director, manager, or principal of any entity.

5

2.     **"*Consumer*"** means any natural person.

3.     **"*Customer*"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

4.     **"*Creditor*"** means any person or entity who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person or entity to the extent such person or entity receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

5.     "*Credit*" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

6.     **"*Credit repair services*"** means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of (i) improving any consumer's credit record, credit history, or credit rating, or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

7.     **"*Debt collection activities*"** means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due.

8. *"Debt collector"* means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by the last clause of the immediately-preceding sentence, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

9. *"Debt relief services"* means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

10. *"Extension of consumer credit"* means credit offered or extended to a consumer primarily for personal, family, or household purposes.

11. *"FDCPA-Covered Debt"* means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services that are the subject of the transaction are primarily for

7

personal, family, or household purposes, whether or not such obligation has
been reduced to judgment.

12. **"*Financial-related product or service*"** means any product, service, plan, or
program represented, expressly or by implication, to:

    A.     provide any consumer, arrange for any consumer to receive, or assist
any consumer in receiving, an extension of consumer credit;

    B.     provide any consumer, arrange for any consumer to receive, or assist
any consumer in receiving, credit repair services;

    C.     provide any consumer, arrange for any consumer to receive, or assist
any consumer in receiving, mortgage assistance relief services;

    D.     provide any consumer, arrange for any consumer to receive, or assist
any consumer in receiving, debt relief services; or

    E.     provide, or arrange for a customer to receive, assistance in the
collection of any outstanding debt or financial obligation owed to that
customer by a third party.

13. **"*Material fact*"** means any fact that is likely to affect a person's choice of,
or conduct regarding, goods or services.

14. "**Mortgage assistance relief services**" means any service, plan, or program,
offered or provided to a consumer in exchange for consideration, that is
represented, expressly or by implication, to assist or attempt to assist the

consumer with any of the following: (a) stopping, preventing, or postponing any mortgage or deed of trust foreclosure sale for the consumer's dwelling, any repossession of the consumer's dwelling, or otherwise saving the consumer's dwelling from foreclosure or repossession; (b) negotiating, obtaining, or arranging a modification of any term of a dwelling loan, including a reduction in the amount of interest, principal balance, monthly payments, or fees; (c) obtaining any forbearance or modification in the timing of payments from any dwelling loan holder or servicer on any dwelling loan; (d) negotiating, obtaining, or arranging any extension of the period of time within which the consumer may cure his or her default on a dwelling loan, reinstate his or her dwelling loan, redeem a dwelling, or exercise any right to reinstate a dwelling loan or redeem a dwelling; (e) obtaining any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling; or (f) negotiating, obtaining, or arranging a short sale of a dwelling, a deed-in-lieu of foreclosure, or any other disposition of a dwelling other than a sale to a third party who is not the dwelling loan holder.

15.   "*Person*" means any natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

16.     *"**Settling Defendant**"* means defendant Frank E. Lindstrom, Jr.

## ORDER

## DEBT COLLECTION BAN

**I.**     **IT IS THEREFORE ORDERED** that Settling Defendant, whether acting directly or through any other person, is permanently restrained and enjoined from:

A.     Engaging in debt collection activities or assisting others engaged in debt collection activities;

B.     Advertising, marketing, promoting, offering for sale, or selling any debt collection products or services; and

C.     Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any debt collection products or services;

**Provided, however,** that nothing in this Order shall be read as an exception to this Section I.

## PROHIBITED MARKETING MISREPRESENTATIONS

**II.**     **IT IS FURTHER ORDERED** that Settling Defendant and his officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or

other device, in connection with the marketing, sale, or advertisement of any financial-related product or service, or any other product or service, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.   That Settling Defendant, whether acting directly or through any other person, has identified assets, people, corporate entities, services, or anything else that can be used to help the consumer, customer, or potential customer in achieving their desired goal (*e.g.,* the satisfaction or successful collection of an alleged debt, full or partial relief from an outstanding debt obligation, relief from impending foreclosure on a home or personal property, or improvement of a consumer's credit score, credit history, credit rating, or credit report);

B.   That Settling Defendant, whether acting directly or through any other person, will undertake certain actions (*e.g.,* such as the filing of a lawsuit, the garnishment of wages, the seizure of assets, negotiation of a debt settlement plan or mortgage foreclosure relief plan, or any other action to help a consumer either receive a loan, satisfy or settle a debt, collect a debt, or achieve any other desired financial goal) if the consumer pays Settling Defendant a fee;

C.   That any particular outcome or result from the product or service being provided is guaranteed, assured, highly likely or probable, or very likely or probable;

D.   That a consumer will receive legal representation.

E.   Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer;

F.   The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

G.   Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program; or

H.   Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

**PROHIBITION AGAINST DISCLOSING CONSUMER INFORMATION**

**III.     IT IS FURTHER ORDERED** that Settling Defendant and his successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with him who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.     Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account) of any person that Settling Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any financial-related product or service, and

B.     Failing to dispose of such consumer information in all forms in Settling Defendant's possession, custody, or control within thirty (30) days after entry of this Order.  Disposal shall be by means that protect against unauthorized access to the consumer information, such as by burning, pulverizing, or shredding any papers, and by erasing or

destroying any electronic media, to ensure that the consumer

information cannot practicably be read or reconstructed.

**Provided, however,** that consumer information need not be disposed of, and

may be disclosed, to the extent requested by a government agency or

required by a law, regulation, or court order.

**MONETARY RELIEF**

IV.   **IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered against Settling Defendant Frank E.

Lindstrom, Jr. in the amount of SIX HUNDRED SEVENTY-TWO

THOUSAND SEVEN HUNDRED TWENTY-NINE DOLLARS

($672,729), without an admission of liability, *provided, however*, that,

as long as the Court makes no finding, as provided in Section V of

this Order, that Settling Defendant materially misrepresented or

omitted the nature, existence, or value of any asset, the judgment shall

be suspended upon his payment to the FTC or its designated agent of

TWENTY-NINE THOUSAND FIVE HUNDRED DOLLARS

($29,500) as follows:

1.    In satisfaction of the judgment against Settling Defendant,

Citibank shall transfer to the FTC or its designated agent

TWENTY-NINE THOUSAND FIVE HUNDRED DOLLARS

14

($29,500) of the funds held in account number xxxxxxx4327 in the name of Frank E. Lindstrom, Jr. and Ashley Lindstrom within ten (10) business days of the date of entry of this Order.

B.  Any funds received by the FTC pursuant to this Section shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the FTC determines to be reasonably related to the practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  Settling Defendant shall have no right to challenge the FTC's choice of remedies or the manner of distribution.

C.  Settling Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Settling Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

15

D.     Settling Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Settling Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

E.     The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

F.     Upon request, Settling Defendant is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC his tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

G.     Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning Settling Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## RIGHT TO REOPEN

V.   **IT IS FURTHER ORDERED** that the FTC's agreement to, and the Court's approval of, this Order is expressly premised on the truthfulness, accuracy and completeness of Settling Defendant's financial statements previously submitted to the FTC.  If, upon motion by the FTC, the Court finds that the financial statement of Settling Defendant contains any material misrepresentation or omission, the judgment entered in Section IV of this Order shall be reinstated and become immediately due and payable as to such Settling Defendant; *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.  For purposes of this Section, Settling Defendant waives any right to contest any of the allegations in the Complaint.

**COOPERATION WITH FTC**

**VI.    IT IS FURTHER ORDERED** that Settling Defendant shall, in connection with this action or any subsequent investigation or litigation related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint as it may be amended, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Settling Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint as it may be amended, without the service of a subpoena, *provided, however*, that Settling Defendant shall be entitled to receive any witness fees and expenses allowable pursuant to Federal Rule of Civil Procedure 45.

**ORDER ACKNOWLEDGMENTS**

**VII.   IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

A.      Settling Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 15 years after entry of this Order, Settling Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**VIII.  IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the FTC:

19

A.    One year after entry of this Order, Settling Defendant must submit a

compliance report, sworn under penalty of perjury.

    1.    Settling Defendant must:  (a) designate at least one telephone

number and an email, physical, and postal address as points of

contact, which representatives of the FTC may use to

communicate with Settling Defendant; (b) identify all of

Settling Defendant's businesses by all of their names, telephone

numbers, and physical, postal, email, and Internet addresses; (c)

describe the activities of each business, including the products

and services offered, the means of advertising, marketing, and

sales, and the involvement of any other Defendant (which

Settling Defendant must describe if he knows or should know

due to his own involvement); (d) describe in detail whether and

how Settling Defendant is in compliance with each Section of

this Order; and (e) provide a copy of each Order

Acknowledgment obtained pursuant to this Order, unless

previously submitted to the FTC;

    2.    Additionally, Settling Defendant must:  (a) identify all

telephone numbers and all email, Internet, physical, and postal

addresses, including all residences; (b) identify all titles and

20

roles in all business activities, including any business for which

Settling Defendant performs services whether as an employee

or otherwise and any entity in which Settling Defendant has any

ownership interest; and (c) describe in detail Settling

Defendant's involvement in each such business, including title,

role, responsibilities, participation, authority, control, and any

ownership.

B. For 20 years following entry of this Order, Settling Defendant must

submit a compliance notice, sworn under penalty of perjury, within 14

days of any change in the following:

1. Settling Defendant must report any change in: (a) any

designated point of contact; or (b) the structure of any entity

that Settling Defendant has any ownership interest in or directly

or indirectly controls that may affect compliance obligations

arising under this Order, including: creation, merger, sale, or

dissolution of the entity or any subsidiary, parent, or affiliate

that engages in any acts or practices subject to this Order.

2. Additionally, Settling Defendant must report any change in: (a)

name, including aliases or fictitious name, or residence address;

or (b) title or role in any business activity, including any

21

business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.   Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Settling Defendant within 14 days of its filing.

D.   Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.   Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  *FTC v. Forensic Case Management Services, Inc., et al.*, X110053.

22

**RECORDKEEPING**

**IX.   IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, for any business in which Settling Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, Settling Defendant must maintain the following records:

A.   Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.   Customer files obtained after entry of this Order showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased, to the extent such information is obtained in the ordinary course of business;

D.   Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      All records necessary to demonstrate full compliance with each

provision of this Order, including all submissions to the FTC.

**COMPLIANCE MONITORING**

**X.    IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling

Defendant's compliance with this Order, including the financial

representations upon which part of the judgment was suspended and any

failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of

the FTC, Settling Defendant must:  submit additional compliance

reports or other requested information, which must be sworn under

penalty of perjury; appear for depositions; and produce documents, for

inspection and copying.  The FTC is also authorized to obtain

discovery, without further leave of court, using any of the procedures

prescribed by Federal Rules of Civil Procedure 29, 30 (including

telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the FTC is authorized to

communicate directly with Settling Defendant.  Settling Defendant

must permit representatives of the FTC to interview any employee or

other person affiliated with Settling Defendant who has agreed to such

an interview.  The person interviewed may have counsel present.

C.    The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## RETENTION OF JURISDICTION

**XI.**    **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 13TH day of MARCH 2012.

_____
~~RAYMOND G. KLAUSNER~~
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE