DAVID C. SHONKA
Acting General Counsel
CHRISTOPHER T. KOEGEL
SEENA D. GRESSIN, CA Bar No. 163368 (inactive)
REBECCA M. UNRUH
HELEN P. WONG
ckoegel@ftc.gov; sgressin@ftc.gov; runruh@ftc.gov; hwong@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W., NJ-3158
Washington, DC  20580
P: (202) 326-3224; F: (202) 326-3768

RAYMOND E. McKOWN, CA Bar No. 150975
rmckown@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA  90024
P: (310) 824-4343; F: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** ) | |
| Plaintiff, ) | |
| v. ) | Case No. LACV11-7484 (RGK) |
| **FORENSIC CASE MANAGEMENT** ) | |
| **SERVICES, INC.,** *et al.,* ) | |
| Defendants, ) | |
| and ) | |
| **KESTER-ARCHWOOD, LLC**, *et al.,* ) | |
| Relief Defendants. ) | |

**[Proposed] FINAL JUDGMENT AND ORDER FOR MONETARY RELIEF AS TO RELIEF DEFENDANTS VESPER COLLINS, LLC, RAMILLIES, LLC, AND INNSBRUCK, LLC**

1

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this civil action on September 12, 2011 against defendants Forensic Case Management Services, Inc.; Specialized Recovery, Inc.; Commercial Receivables Acquisition, Inc.; David M. Hynes II; James Hynes; Kevin Medley; Heather True; Frank E. Lindstrom, Jr.; and Lorena Quiroz-Hynes (hereinafter collectively "Defendants").  The FTC brought this action pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FDCPA, 15 U.S.C. § 1692-1692p, in connection with the marketing and sale of debt collection services, and the collection of debts.  On September 13, 2011, the Court entered a temporary restraining order against Defendants.  (Docket Entry ["DE"] 9.)  On September 27, 2011, the Court entered a preliminary injunction against Defendants.  (DE47-1.)  On June 12, 2012, the FTC amended its Complaint ("First Amended Complaint"), adding claims against relief defendants Vesper Collins, LLC, Innsbruck, LLC, Ramillies, LLC, and Kester-Archwood, LLC (hereinafter collectively "Relief Defendants").  (DE160.)

The FTC and relief defendants Vesper Collins, LLC, Innsbruck, LLC, and Ramillies, LLC (hereinafter collectively "Settling Relief Defendants" or "Settling

Defendants") having agreed in the Stipulation for Final Judgment and Order for

Monetary Relief as to Relief Defendants Vesper Collins, LLC, Ramillies, LLC,

and Innsbruck, LLC, hereby request that the Court enter this Final Judgment and

Order for Monetary Relief as to Relief Defendants Vesper Collins, LLC, Ramillies,

LLC, and Innsbruck, LLC ("Order") to resolve all matters in dispute between the

FTC and Settling Defendants in this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** as follows:

## FINDINGS

By stipulation of the parties and being advised of the premises, the Court

finds:

1.     This is an action by the FTC instituted under Sections 13(b) and 19 of the

FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the FDCPA, 15

U.S.C. § 1692*l*.  The First Amended Complaint seeks, *inter alia*,

disgorgement from the Relief Defendants of all funds and assets received by

them that are traceable to Defendants' unlawful acts or practices.

2.     The FTC has the authority under Sections 13(b) and 19 of the FTC Act, and

Section 814 of the FDCPA, to seek the relief it has requested, and the First

Amended Complaint states a claim upon which relief can be granted against

Settling Defendants.

3.   This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, 15 U.S.C. §§ 53(b), 57b, and 1692*l*, and has jurisdiction over Settling Defendants.  Venue in the Central District of California is proper under 28 U.S.C. § 1391(b)-(d), and 15 U.S.C. § 53(b).

4.   Settling Defendants neither admit nor deny any of the allegations in the First Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

5.   Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.   Settling Defendants waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorneys' fees.  The Settling Defendants further waive and release any claim they may have against the FTC, its employees, representatives, or agents that relate to this action.

7.   This action and the relief awarded herein are in addition to, and not in lieu of, other remedies that may be provided by law, including both civil and criminal remedies.

8.   Entry of this Order is in the public interest.

4

# **DEFINITIONS**

For the purposes of this Order, the following definitions shall apply:

1.    "***And***" and "***or***" shall be understood to have both conjunctive and disjunctive meanings.

2.    "***Asset***" or "***Assets***" means any legal equitable interest in, right to, or claim to, any real or personal property, including, but not limited to: goods, instruments, equipment, fixtures, general intangibles, inventory, checks, or notes (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

3.    "***Commission***" or "***FTC***" means the Federal Trade Commission.

4.    "***Consumer***" means any natural person.

5.    "***Defendants***" means Forensic Case Management Services, Inc.; Specialized Recovery, Inc.; Commercial Receivables Acquisition, Inc.; David M. Hynes II; James Hynes; Kevin Medley; Heather True; Frank E. Lindstrom, Jr.; and Lorena Quiroz-Hynes, individually, collectively, or in any combination.  The relief defendants are expressly excluded from this definition.

6.    "***Document***" is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing,

drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

7.    "*Material*" means likely to affect a person's choice of, or conduct regarding, goods or services.

8.    "*Permanent Receiver*" means Thomas W. McNamara, appointed as Permanent Receiver in the Preliminary Injunction in this matter (DE 47-1).

9.    "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

10.   "*Relief Defendants*" means Vesper Collins, LLC, Innsbruck, LLC, Ramillies, LLC, and Kester-Archwood, LLC, individually, collectively, or in any combination.

11.   "*Settling Relief Defendants*" or "*Settling Defendants*" means: (1) Vesper Collins, LLC f/k/a DMHT Holding, LLC; (2) Ramillies, LLC; and (3) Innsbruck, LLC, individually, collectively, or in any combination.

## <u>ORDER</u>

### MONETARY RELIEF

I.   **IT IS ORDERED** that:

A.   Judgment is hereby entered against relief defendant Vesper Collins, LLC in the amount of TWO HUNDRED THIRTY-FIVE THOUSAND NINE HUNDRED FORTY-TWO DOLLARS ($235,942).  In satisfaction of the judgment against Vesper Collins, LLC, the following institutions shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds held in the designated accounts below as follows:

1.   Charles Schwab shall transfer to the FTC or its designated agent all funds held as of September 15, 2011 in account

7

number xxxx7417 in the name of DMHT Holding LLC, which

amount was approximately $232,002 at that time; and

2.    JP Morgan Chase shall transfer to the FTC or its designated

agent all funds held in account number xxxxx1560 in the name

of Vesper Collins LLC, which amount is approximately $3,940.

B.    Judgment is hereby entered against relief defendant Innsbruck, LLC in

the amount of FORTY-SEVEN THOUSAND FIVE HUNDRED

FORTY-FIVE DOLLARS ($47,545).  In satisfaction of the judgment

against Innsbruck, LLC, the following institutions shall, within ten

(10) business days from receipt of a copy of this Order, transfer to the

FTC or its designated agent all funds held in the designated accounts

below as follows:  JP Morgan Chase shall transfer to the FTC or its

designated agent all funds held in account number xxxxx7492 in the

name of Innsbruck LLC, which amount is approximately $47,545.

C.    Judgment is hereby entered against relief defendant Ramillies, LLC in

the amount of ONE HUNDRED TWENTY THOUSAND DOLLARS

($120,000).

1.    In partial satisfaction of the judgment against Ramillies, LLC,

the following institutions shall, within ten (10) business days

from receipt of a copy of this Order, transfer to the FTC or its

8

designated agent all funds held in the designated accounts below as follows:  Charles Schwab shall transfer to the FTC or its designated agent all investment gains realized since September 15, 2011 and any and all additional funds held in account number xxxx7417 in the name of DMHT Holding LLC, which amount is approximately $35,000;

2.  Ramillies shall also pay to the FTC or its designated agent the remaining balance of the ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000) judgment, within two hundred seventy (270) business days from receipt of a copy of this Order.

D.  To effect the surrender of the funds identified in subsections I.A.1, I.A.2, I.B, and I.C, the court directs that the entities holding the funds or their successors shall, within ten (10) business days of the date of receipt of this Order, remit the funds to the Commission by certified check(s) or other guaranteed funds payable to the FTC, Financial Management Office, or by wire transfer in accordance with directions provided by counsel for the Commission.  To the extent any identified nonparty cannot comply with this subsection without the assistance of one or more of the Settling Defendants, such party must, within three

(3) business days of receiving this Order, notify the Settling

Defendant(s) and counsel for the Commission of its inability to

comply.  Such notification shall specify the actions by the Settling

Defendant(s) that are necessary to comply with this Order.  The

Settling Defendant(s) shall immediately complete any action

necessary to facilitate the identified nonparty's ability to timely

comply with this subsection, and the failure of the Settling

Defendant(s) to complete such action within ten (10) days shall be

deemed a violation of the Order and interest at the rate prescribed in

28 U.S.C. § 1961(a) shall immediately begin to accrue.

E.      In the event of default on any obligation to make payment under this

Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall

accrue from the date of default to the date of payment, and the entire

amount of the judgment, less any amounts previously paid pursuant to

this Order, together with interest, shall immediately become due and

payable.  The Settling Defendants shall be liable for all payments

required by this Order and any interest on such payments.

F.      All funds paid pursuant to this Order shall be deposited into a fund

administered by the Commission or its agents to be used for equitable

relief, including, but not limited to, consumer redress, any attendant

expenses for the administration of redress, and to satisfy any Court authorized payments to the Permanent Receiver.  In the event that direct redress to consumers is wholly or partially impracticable, or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the First Amended Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as equitable disgorgement. Settling Defendants shall have no right to challenge the Commission's choice of remedies under this Section.  Settling Defendants shall have no right to contest the manner of distribution chosen by the Commission.

G.   Settling Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets, directly or indirectly, through counsel or otherwise.

H.   The facts alleged in the First Amended Complaint filed in this action shall be taken as true without further proof in any subsequent civil litigation by or on behalf of the Commission, including in a

proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.  Settling Defendants further stipulate and agree that the facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

I.     The judgment entered pursuant to this Section is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

J.     In accordance with 31 U.S.C. § 7701, Settling Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of this Order.

K.     Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Settling Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

**LIFTING OF ASSET FREEZE**

II.     **IT IS FURTHER ORDERED** that the freeze of Settling Defendants' assets

set forth in the preliminary injunction, entered by this court on September

27, 2011, shall be lifted to the extent necessary to turn over the Settling

Defendants' assets as required by Section I of this Order, and, shall be lifted

permanently immediately upon completion of the turn-over.


**IT IS SO ORDERED,** this 3rd day of  January, 2013.


_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

13