DAVID C. SHONKA
Acting General Counsel
CHRISTOPHER T. KOEGEL
SEENA D. GRESSIN, CA Bar No. 163368 (inactive)
REBECCA M. UNRUH
HELEN P. WONG
ckoegel@ftc.gov; sgressin@ftc.gov; runruh@ftc.gov; hwong@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, N.W., NJ-3158
Washington, DC  20580
P: (202) 326-3224; F: (202) 326-3768

RAYMOND E. McKOWN, CA Bar No. 150975
rmckown@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024
P: (310) 824-4343; F: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. LACV11-7484 (RGK) |
| | ) |
| **FORENSIC CASE MANAGEMENT** | ) |
| **SERVICES**, **INC.,** *et al.,* | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| **KESTER-ARCHWOOD, LLC**, *et al.,* | ) |

1

Relief Defendants.                    )
_____)

**[Proposed] FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF AS TO DEFENDANTS FORENSIC CASE MANAGEMENT SERVICES, INC., SPECIALIZED RECOVERY, INC., COMMERCIAL RECEIVABLES ACQUISITION, INC., DAVID M. HYNES II, LORENA QUIROZ-HYNES, JAMES S. HYNES, AND HEATHER TRUE**

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this civil action on September 12, 2011, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FDCPA, 15 U.S.C. § 1692-1692p, in connection with the marketing and sale of debt collection services, and the collection of debts.  The FTC's Complaint named three corporate defendants (Forensic Case Management Services, Inc.; Specialized Recovery, Inc.; and Commercial Receivables Acquisition, Inc.), and six individual defendants (David M. Hynes II; Lorena Quiroz-Hynes; James S. Hynes; Heather True; Frank E. Lindstrom, Jr.; and Kevin Medley).  On September 13, 2011, the Court entered a temporary restraining order against Defendants.  On September 27, 2011, the Court entered a preliminary injunction against Defendants.

2

On March 14, 2012, the Court entered a Final Judgment and Order for Permanent Injunction and Monetary Relief as to Defendant Frank Lindstrom, Jr. (DE132).  On March 15, 2012, the Court entered a Final Judgment and Order for Permanent Injunction and Monetary Relief as to Defendant Kevin Medley (DE133).  On June 12, 2012, the FTC amended its Complaint (DE 160: the "First Amended Complaint"), adding claims against relief defendants Vesper Collins, LLC, Innsbruck, LLC, Ramillies, LLC, and Kester-Archwood, LLC ("Relief Defendants").  On August 20, 2012, the Court entered a default against relief defendant Kester-Archwood, LLC (DE 184).

The FTC and Defendants Forensic Case Management Services, Inc., Specialized Recovery, Inc., Commercial Receivables Acquisition, Inc., David M. Hynes II, Lorena Quiroz-Hynes, James S. Hynes, and Heather True ("Settling Defendants") having agreed in the Stipulation for Final Judgment and Order for Permanent Injunction and Monetary Relief, hereby request that the Court enter this Final Judgment and Order for Permanent Injunction and Monetary Relief ("Order") to resolve all matters in dispute between the FTC and Settling Defendants in this action.

## FINDINGS

By stipulation of the parties and being advised of the premises, the Court finds:

1. This is an action by the FTC instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and Section 814 of the FDCPA, 15 U.S.C. § 1692*l*.  The First Amended Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' deceptive and abusive acts or practices as alleged therein.

2. The FTC has the authority under Sections 13(b) and 19 of the FTC Act, and Section 814 of the FDCPA, to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted.

3. This Court has jurisdiction over the subject matter of this case and has jurisdiction over Settling Defendants.  Venue in the Central District of California is proper.

4. The activities of Settling Defendants, as alleged in the First Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Settling Defendants neither admit nor deny any of the allegations in the First Amended Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

6. Settling Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Settling Defendants forever

4

waive, release, and discharge all claims, known or unknown, that they have in any capacity against the FTC or any of its agents for conduct undertaken through the date of entry of this Order.  Settling Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.  Each settling party shall bear its own costs and attorneys' fees.

7.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies that may be provided by law, including both civil and criminal remedies.

8.    Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.    *"Asset"* or *"Assets"* means any legal equitable interest in, right to, or claim to, any real or personal property, including, but not limited to:  goods, instruments, equipment, fixtures, general intangibles, inventory, checks, or notes (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.    *"Assisting others"* includes, but is not limited to:

A.  performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

B.  performing debt collection or debt collection marketing services of any kind;

C.  formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

D.  formulating or providing, or arranging for the formulation or provision of, any debt collection materials, including, but not limited to, any debt collection script, debt collection marketing material, debt collection training manual or other training materials, and debt collection compliance monitoring materials;

E.  formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

F. providing names of, or assisting in the generation of, potential customers;

G. performing marketing, billing, or payment services of any kind; and

H. acting or serving as an owner, officer, director, manager, or principal of any entity.

3. **"*Consumer*"** means any natural person.

4. **"*Customer*"** means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

5. **"*Creditor*"** means any person or entity who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person or entity to the extent such person or entity receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt.

6. "*Credit*" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

7. **"*Credit repair services*"** means using any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of:  (i) improving any consumer's credit record, credit

7

history, or credit rating; or (ii) providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

8.     ***"Debt collection activities"*** means any activities of a debt collector to collect or attempt to collect, directly or indirectly, a debt owed or due, or asserted to be owed or due, another.

9.     ***"Debt collector"*** means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by the last clause of the immediately-preceding sentence, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

10.    ***"Debt relief services"*** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

11. **"*Extension of consumer credit*"** means credit offered or extended to a consumer primarily for personal, family, or household purposes.

12. **"*Financial-related product or service*"** means any product, service, plan, or program represented, expressly or by implication, to:

    A.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, an extension of consumer credit;

    B.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit repair services;

    C.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, mortgage assistance relief services;

    D.    provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief services; or

    E.    provide, or arrange for a customer to receive, assistance in the collection of any outstanding debt or financial obligation owed to that customer by a third party.

13. **"*Material fact*"** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

14. "**Mortgage assistance relief services**" means any service, plan, or program, offered or provided to a consumer in exchange for consideration, that is represented, expressly or by implication, to assist or attempt to assist the

9

consumer with any of the following: (a) stopping, preventing, or postponing

any mortgage or deed of trust foreclosure sale for the consumer's dwelling,

any repossession of the consumer's dwelling, or otherwise saving the

consumer's dwelling from foreclosure or repossession; (b) negotiating,

obtaining, or arranging a modification of any term of a dwelling loan,

including a reduction in the amount of interest, principal balance, monthly

payments, or fees; (c) obtaining any forbearance or modification in the

timing of payments from any dwelling loan holder or servicer on any

dwelling loan; (d) negotiating, obtaining, or arranging any extension of the

period of time within which the consumer may cure his or her default on a

dwelling loan, reinstate his or her dwelling loan, redeem a dwelling, or

exercise any right to reinstate a dwelling loan or redeem a dwelling; (e)

obtaining any waiver of an acceleration clause or balloon payment contained

in any promissory note or contract secured by any dwelling; or (f)

negotiating, obtaining, or arranging a short sale of a dwelling, a deed-in-lieu

of foreclosure, or any other disposition of a dwelling other than a sale to a

third party who is not the dwelling loan holder.

15.   ***"Permanent Receiver"*** means Thomas W. McNamara, Esq., appointed as

Permanent Receiver in the Preliminary Injunction in this matter (DE 47-1).

16.   "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

17.   "*Settling Defendants*" means the Individual Settling Defendants and the Corporate Settling Defendants, individually, collectively, or in any combination.  "*Individual Settling Defendants*" means David M. Hynes II a/k/a David M. Hynes, Jr., Lorena Quiroz-Hynes a/k/a Lorena Quiroz and Lorena Hynes, James S. Hynes, and Heather True.  "*Corporate Settling Defendants*" means: (1) Forensic Case Management Services, Inc. d/b/a Commercial Investigations, Inc., Commercial Recovery Solutions, Inc., and Rumson, Bolling and Associates; (2) Specialized Recovery, Inc. d/b/a Joseph, Steven & Associates, and Specialized Debt Recovery, Inc.; (3) Commercial Receivables Acquisition, Inc. d/b/a Commercial Recovery Authority, Inc., and the Forwarding Company; and their successors and assigns.

**ORDER**

**DEBT COLLECTION BAN**

I.   **IT IS THEREFORE ORDERED** that the Settling Defendants, and their successors and assigns, whether acting directly or through any other person, business entity, trust, corporation, partnership, limited liability company,

11

subsidiary, division, or other device, are permanently restrained and enjoined from:

A.    Engaging in debt collection activities or assisting others engaged in debt collection activities;

B.    Advertising, marketing, promoting, offering for sale, or selling any debt collection products or services; and

C.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any debt collection products or services;

**PROHIBITED MARKETING MISREPRESENTATIONS**

II.   **IT IS FURTHER ORDERED** that the Settling Defendants, and their successors and assigns, whether acting directly or through their officers, directors, agents, servants, employees, representatives, divisions, attorneys, subsidiaries, or other entities, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or postal delivery, are hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.    That the Settling Defendants, whether acting directly or through any other person, have identified assets, people, corporate entities, services, or anything else that can be used to help the consumer,

customer, or potential customer in: (1) achieving the satisfaction or successful collection of an alleged debt; (2) getting full or partial relief from an outstanding debt obligation; (3) improving or otherwise affecting that consumer's credit record, credit history, credit rating, or ability to obtain credit; (4) removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete; or (5) obtaining relief from impending foreclosure on a home or personal property;

B.   Any person's ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit;

C.   That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

D.   Any aspect of any debt relief product or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief product or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls;

E.  That the Settling Defendants, whether acting directly or through any other person, will file a lawsuit, garnish wages, seize assets, negotiate a debt settlement plan or mortgage foreclosure relief plan, or take any other action to help a consumer either receive a loan, satisfy or settle a debt, collect a debt, improve their credit record, credit score, credit history, or credit rating, or achieve any other desired financial goal, if the consumer pays the Settling Defendants a fee;

F.  That any particular outcome or result from the product or service being provided is guaranteed, assured, highly likely or probable, or very likely or probable;

G.  That a consumer will receive legal representation;

H.  The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer;

I.  The total costs to purchase, receive, or use, or the quantity of, a product, service, plan, or program;

J.  Any restriction, limitation, or condition on purchasing, receiving, or using a product, service, plan, or program;

14

K.  Any aspect of the performance, efficacy, nature, or characteristics of a product, service, plan, or program; or

L.  Any other material fact.

**PROHIBITION AGAINST DISCLOSING CONSUMER INFORMATION**

III.  **IT IS FURTHER ORDERED** that the Settling Defendants, and their successors and assigns, whether acting directly or through their officers, directors, agents, servants, employees, representatives, divisions, attorneys, subsidiaries, or other entities, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or postal delivery, are hereby permanently restrained and enjoined from:

A.  Disclosing, using, or benefitting from consumer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a consumer's account (including a credit card, bank account, or other financial account) of any person that any Settling Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any financial-related product or service, and

B.   Failing to dispose of such consumer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.  Disposal must be by means that protect against unauthorized access to the consumer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the consumer information cannot practicably be read or reconstructed.

*Provided, however*, that consumer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## MONETARY RELIEF

**IV.   IT IS FURTHER ORDERED** that:

A.   Judgment is hereby entered in favor of the Commission, and against the Corporate Settling Defendants, David M. Hynes II, and Lorena Quiroz-Hynes, jointly and severally, in the amount of THIRTY-THREE MILLION EIGHT HUNDRED TWENTY-EIGHT THOUSAND ONE HUNDRED SIXTY-SEVEN DOLLARS ($33,828,167), as equitable monetary relief, *provided, however*, that subject to the provisions of Section VI ("Right to Reopen") below, this judgment shall be partially suspended as to defendants David M.

Hynes II and Lorena Quiroz-Hynes, subject to Section VI of this Order, upon payment to the FTC or its designated agent of SEVEN HUNDRED THOUSAND DOLLARS ($700,000) in a timely manner as set forth in subparagraphs IV.A.1 through IV.A.4 below:

1.  Settling Defendants hereby grant to the Commission all rights and claims they currently have to their frozen assets currently in the possession, custody, or control of the Permanent Receiver, including, but not limited to, any cash assets held in the Permanent Receiver's trust account on behalf of the Corporate Settling Defendants, and the net proceeds, if any, from the sale of the remaining assets belonging to the Corporate Settling Defendants.  Specifically, the following institutions shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds held in the designated accounts below as follows:

    a.  Torrey Pines Bank shall transfer to the FTC or its designated agent all funds held in account number ending in 9762, in the name of FCMS Receivership, Thomas W. McNamara, Receiver, which amount is approximately $24,370.30;

17

b.      Comerica Bank shall transfer to the FTC or its designated agent all funds held in account number xxxxxx7383 in the name of Jackson Gunner & Wolfe LLC, which amount is approximately $458;

2.      The following institutions shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent all funds held in the designated accounts below as follows:

a.      Comerica Bank shall transfer to the FTC or its designated agent all funds held in: (a) account number xxxxxx7712 in the name of David M. Hynes Trust, which amount is approximately $14,543; and (b) account number xxxxxx8068 in the name of David M. Hynes, which amount is approximately $1,001;

b.      Charles Schwab shall transfer to the FTC or its designated agent all funds held in: (a) account number xxxx0863 in the name of David M. Hynes, which amount is approximately $70,758; (b) account number xxxxxxxx2808 in the name of David M. Hynes, which amount is approximately $164,634;

c.     Santa Barbara Bank & Trust / Pacific Capital Bank shall

transfer to the FTC or its designated agent all funds held

in account number xxxxx6618 in the name of David M.

Hynes, which amount is approximately $100;

d.     First Community Bank of Central Alabama shall transfer

to the FTC or its designated agent all funds held in

account number xxx8423 in the name of David M.

Hynes, which amount is approximately $1,622;

e.     ING Direct shall transfer to the FTC or its designated

agent all funds held in account number xxxx1048 in the

name of David M. Hynes, which amount is

approximately $203;

f.     Discover Bank shall transfer to the FTC or its designated

agent all funds held in the certificate of deposit in the

name of David M. Hynes, Jr. with account number

xxxxxx0671, which amount is approximately $115,447;

g.     JP Morgan Chase shall transfer to the FTC or its

designated agent all funds held in account number

xxxxx3741 in the name of Lorena Q. Hynes, which

amount is approximately $787;

h.  Bank of America shall transfer to the FTC or its designated agent all funds held in: (a) account number xxxxx1152 in the name of Lorena Q. Hynes, which amount is approximately $78; and (b) account number xxxxx6849 in the name of Lorena Q. Hynes, which amount is approximately $35.

3.  Following completion of the transfer of funds ordered above in Sections IV.A.1-2 above, the FTC shall, within ten (10) days from the receipt of all funds, provide Settling Defendants, through their undersigned counsel, with notice of how much money in total has been transferred to the FTC and how much money Settling Defendants still need to pay to satisfy the unsuspended $700,000 payment that Defendants David M. Hynes II and Lorena Quiroz-Hynes are required to pay under this Order.  The notice from the FTC to the Settling Defendants required under this paragraph may be effectuated by electronic mail message from undersigned counsel for the FTC to undersigned counsel for the Settling Defendants.

4.  Defendants David M. Hynes II and Lorena Quiroz-Hynes shall also pay to the FTC or its designated agent in the following

20

installments: (1) by no later than thirty (30) days from

transmittal of the notice required under Section IV.A.3 above,

Defendants David M. Hynes II and Lorena Quiroz-Hynes shall

have paid a total aggregate amount of no less than $478,000

(including all transfers identified above in Sections IV.A.1-2

above); (2) by no later than ninety (90) days from transmittal of

the notice required under Section IV.A.3 above, Defendants

David M. Hynes II and Lorena Quiroz-Hynes shall have paid a

total aggregate amount of no less than $589,000 (including all

transfers identified above in Sections IV.A.1-2 above); and (3)

by no later than 150 days from transmittal of the notice required

under Section IV.A.3 above, Defendants David M. Hynes II

and Lorena Quiroz-Hynes shall have paid a total aggregate

amount of no less than $700,000 (including all transfers

identified above in Sections IV.A.1-2 above).

a.     Until such time as Defendants David M. Hynes II and

Lorena Quiroz-Hynes have fully paid SEVEN

HUNDRED THOUSAND DOLLARS ($700,000) in a

timely manner as set forth above in Section IV.A.1-4,

Charles Schwab account number xxxx5353 in the name

21

of David M. Hynes, with an approximate balance of

$147,772, shall remain frozen.  In the event that

Defendants David M. Hynes II and Lorena Quiroz-Hynes

default on any of the payments required under Sections

IV.A.1 through IV.A.4 described above, Charles Schwab

shall, upon service by the FTC of a notice that Settling

Defendants have defaulted, turn over to the FTC all funds

then available in account number xxxx5353 in the name

of David M. Hynes.

B.    Judgment is hereby entered against defendant James S. Hynes in the

amount of FORTY-THREE THOUSAND EIGHT HUNDRED

TWENTY-TWO DOLLARS ($43,822), *provided, however*, that the

judgment shall be suspended as long as the Court makes no finding, as

provided in Section VI of this Order, that defendant James S. Hynes

materially misrepresented or omitted the nature, existence, or value of

any asset.

C.    Judgment is hereby entered against defendant Heather True in the

amount of TWO HUNDRED THIRTY-THREE THOUSAND NINE

HUNDRED SEVENTY-THREE DOLLARS ($233,973), *provided,*

*however*, that the judgment shall be suspended as long as the Court

makes no finding, as provided in Section VI of this Order, that

defendant Heather True materially misrepresented or omitted the

nature, existence, or value of any asset.

D.   All funds paid pursuant to this Order shall be deposited into a fund

administered by the Commission or its agents to be used for equitable

relief, including, but not limited to, consumer redress, any attendant

expenses for the administration of redress, and to satisfy any Court

authorized payments to the Permanent Receiver from the assets

received from the Corporate Settling Defendants.  In the event that

direct redress to consumers is wholly or partially impracticable, or

funds remain after redress is completed, the Commission may apply

any remaining funds for such other equitable relief (including

consumer information remedies) as it determines to be reasonably

related to Defendants' practices alleged in the Complaint.  Any funds

not used for such equitable relief shall be deposited to the United

States Treasury as equitable disgorgement.  Settling Defendants shall

have no right to challenge the Commission's choice of remedies under

this Section.  Settling Defendants shall have no right to contest the

manner of distribution chosen by the Commission.

E.  Settling Defendants relinquish all dominion, control, and title to the assets and funds paid to the fullest extent permitted by law.  Settling Defendants shall make no claim to or demand for return of the assets or funds, directly or indirectly, through counsel or otherwise.

F.  Settling Defendants agree that the facts as alleged in the First Amended Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Settling Defendants further stipulate and agree that the facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

G.  Settling Defendants agree that they will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity, submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for,

24

any payment by a Settling Defendant pursuant to this Order.  Settling

Defendants further agree that they will not seek a credit or refund of

any kind for federal or state taxes or penalties for tax years 2006-2012

for any payment by Settling Defendants pursuant to this Order.  If any

Settling Defendant obtains any such credit or refund of any federal or

state taxes or penalties paid for tax years 2006-2012, then the Settling

Defendant shall promptly pay the Commission the amount of such

credit or refund, together with any interest the Settling Defendant

earned in connection with any such credit or refund.

H.    The judgment entered pursuant to this Section is equitable monetary

relief, solely remedial in nature, and not a fine, penalty, punitive

assessment or forfeiture.

I.    In accordance with 31 U.S.C. § 7701, Settling Defendants are hereby

required, unless they have done so already, to furnish to the

Commission their taxpayer identifying numbers and/or social security

numbers, which shall be used for the purposes of collecting and

reporting on any delinquent amount arising out of this Order.

J.    Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C.

§ 1681b(1), any consumer reporting agency may furnish a consumer

report concerning any Settling Defendant to the FTC, which shall be

used for purposes of collecting and reporting on any delinquent

amount arising out of this Order.

## ASSET FREEZE

V.   **IT IS FURTHER ORDERED** that, upon entry of this Order and the

satisfaction of all payments identified in Section IV.A.1-2 above, the freeze

of the Settling Defendants' assets shall be dissolved.

## RIGHT TO REOPEN

VI.   **IT IS FURTHER ORDERED** that:

    A.    The Commission's agreement to, and the Court's approval of this

        Order is expressly premised upon the truthfulness, accuracy, and

        completeness of Settling Defendants' financial condition, as

        represented in the financial statements previously provided to the

        FTC, including all attachments and supplemental materials, copies of

        tax returns for Settling Defendants, deposition testimony, and

        correspondence (collectively, "Financial Statements"), all of which

        the Commission relied upon in negotiating and agreeing to the terms

        of this Order, which are identified in Attachment A.

    B.    The suspension of judgment shall be lifted as to any Settling

        Defendant, if upon motion by the Commission, the Court finds:

1.      that Settling Defendant failed to disclose any material asset,

materially misstated the value of any asset, or made any other

material misstatement or omission in the financial

representations identified above; or

2.      that Settling Defendant is in default on any obligation under

this Section.

C.      If the suspension of the judgment is lifted as to any Settling

Defendant, the judgment amount specified in Section IV (Monetary

Relief) becomes immediately payable as to that Settling Defendant,

less any payments already made to the Commission pursuant to this

Order.

***Provided, however***, that in all other respects, this Order shall remain in full

force and effect, unless otherwise ordered by the Court.

## ORDER ACKNOWLEDGMENTS

**VII.   IT IS FURTHER ORDERED** that the Settling Defendants obtain

acknowledgments of receipt of this Order:

A.      Each Settling Defendant, within 7 days of entry of this Order, must

submit to the FTC an acknowledgment of receipt of this Order sworn

under penalty of perjury.

B. For 15 years after entry of this Order, each Individual Settling Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and the Corporate Settling Defendants, must deliver a copy of this Order to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which an Individual Settling Defendant or Corporate Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**VIII.  IT IS FURTHER ORDERED** that the Settling Defendants make timely submissions to the FTC:

A. One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury.

28

1.   Each Settling Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the FTC may use to communicate with such Settling Defendant; (b) identify all of that Individual Settling Defendant's or Corporate Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which each Individual Settling Defendant must describe if he or she knows or should know due to his or her own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC;

2.   Additionally, each Individual Settling Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business

29

for which such Individual Settling Defendant performs services whether as an employee or otherwise and any entity in which such Individual Settling Defendant has any ownership interest; and (c) describe in detail such Individual Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.  For 20 years following entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.  Each Settling Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of the Corporate Settling Defendant or any entity that any Individual Settling Defendant or Corporate Settling Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Settling Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Individual Settling Defendant performs services whether as an employee or otherwise and any entity in which such Individual Settling Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.      Each Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.      Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to

31

Debrief@ftc.gov or sent by overnight courier (not the U.S. Postal

Service) to:  Associate Director for Enforcement, Bureau of Consumer

Protection, Federal Trade Commission, 600 Pennsylvania Avenue

NW, Washington, DC  20580.  The subject line must begin:  *FTC v.*

*Forensic Case Management Services, Inc., et al.*, X110053.

## RECORDKEEPING

**IX.** **IT IS FURTHER ORDERED** that the Settling Defendants must create

certain records for 20 years after entry of the Order, and retain each such

record for 5 years.  Specifically, the Corporate Settling Defendants and the

Individual Settling Defendants for any business in which that Settling

Defendant, individually or collectively with any other Settling Defendants, is

a majority owner or directly or indirectly controls, must maintain the

following records:

    A.    Accounting records showing the revenues from all goods or services

        sold, all costs incurred in generating those revenues, and the resulting

        net profit or loss;

    B.    Personnel records showing, for each person providing services,

        whether as an employee or otherwise, that person's:  name, addresses,

        and telephone numbers; job title or position; dates of service; and, if

        applicable, the reason for termination;

C.  Customer files obtained after entry of this Order showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased, to the extent such information is obtained in the ordinary course of business;

D.  Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC.

## COMPLIANCE MONITORING

X.  **IT IS FURTHER ORDERED** that, for the purpose of monitoring the Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.  Within 14 days of receipt of a written request from a representative of the FTC, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures

prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the FTC is authorized to communicate directly with each Settling Defendant.  Settling Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Individual Settling Defendant or Corporate Settling Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with them, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

# RETENTION OF JURISDICTION

**XI.     IT IS FURTHER ORDERED** that this Court retains jurisdiction of this

matter for purposes of construction, modification, and enforcement of this Order.


**IT IS SO ORDERED,** this 4th day of January, 2013.

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

35